[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11383

Non-Argument Calendar

_____

D.C. Docket No. 1:12-cv-02609-WSD

HOWARD D. HOROWITZ,

Plaintiff- Appellant,

versus

CITIMORTGAGE, INC.,

Defendant -Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 9, 2013)

Before HULL, JORDAN, and HILL, Circuit Judges.

PER CURIAM:

This is an appeal from the grant of CitiMortgage, Inc.'s (Citi) motion to dismiss Howard D. Horowitz' (Horowitz) complaint, for failure to state a claim for relief under Fed.R.Civ.P. 12(b)(6).  Horowitz asserted claims for wrongful attempted foreclosure and fraud against Citi.  We find that the district court properly granted Citi's motion to dismiss and we affirm the judgment.

I.

On August 19, 2005, Horowitz executed a promissory note in favor of American Home Mortgage, Inc. (AHM) in the amount of $176,000.  He also executed and conveyed a security deed to real property to AHM, securing the promissory note.

Later that same day, AHM assigned its rights under Horowitz' security deed, and its rights under his promissory note, to ABN AMRO Mortgage Group, Inc. (ABN AMRO).  Two years later, in 2007, ABN AMRO merged into Citi.

On May 31, 2012, Citi sent Horowitz a letter indicating that he had defaulted on his loan obligations and that a foreclosure sale of his real property was

2

scheduled for July 3, 2012.  For four consecutive weeks, Citi published the Notice

of Sale Under Power in the local newspaper.[1]

On June 26, 2012, Horowitz filed suit against Citi, asserting claims for

attempted wrongful foreclosure and fraud, alleging that Citi lacked the authority to

foreclose on his real property because it did not hold Horowitz' promissory note,

nor was it the assignee of his security deed.

## II.

As to Citi's standing to foreclose on Horowitz' real property, it is undisputed

that Horowitz executed both the security deed and promissory note to AHM.

However, under the terms of the security deed, Horowitz "grant[ed] and

convey[ed] to [AHM] and [AHM's] successors and assigns, with power of sale,

[the real property.]"  When AHM assigned its rights under Horowitz' security deed

to ABN AMRO, the assignment stated:

---

[1] The notice stated:

> Under and by virtue of the power of sale contained in [the Security Deed] from
> Howard D. Horowitz to American Home Mortgage, Inc. . . . said Security Deed
> being last transferred and assigned to ABN AMRO Mortgage Group, Inc. . . .
> [The property will be sold at foreclosure] by CitiMortgage, Inc., successor by
> merger with ABN AMRO Mortgage Group. Inc. . . . Pursuant to O.C.G.A.
> Section 44-14-162.2 the name of the person or entity who has the full authority to
> negotiate, amend, or modify the terms of the aforementioned indebtedness is
> CitiMortgage, Inc. . . . .

3

American Home Mortgage, Inc. hereby sells, assigns, transfers, sets over and conveys unto: ABN AMRO Mortgage Group, Inc. and/or their [sic] respective successors or assigns as their interest may appear . . . that certain [security deed] . . . together with the real property therein described in said deed, and secured thereby, the notes evidencing said indebtedness having this day been transferred and assigned to the said [ABN AMRO] together with all its rights title and interest in and to the said deed, the property described and indebtedness thereby secured; and [ABN AMRO] is hereby subrogated to all of the rights, powers, privileges and securities vested in [AMH] under and by virtue of the aforesaid mortgage to secure debt.

Horowitz does not dispute the assignment from AHM to ABN AMRO. He does dispute that Citi has standing to foreclose on his real property as a result of its merger with ABN AMRO in 2007.

The district court determined that, as a result of the merger, Citi acquired the assets, rights and liabilities of ABN AMRO, including Horowitz' security deed, with power of sale, and his promissory note. *See Birt v. CitiMortgage, Inc.*, No. 1:11-cv-1473-CC, Order Granting Summary Judgment, at 5-8 (N.D. Ga. Sept. 26, 2012) (Citi had standing to foreclose on plaintiff's property because, "by merger of ABN AMRO and [Citi], the power to sell and foreclose was vested in the successor, [Citi]," without any further assignment or conveyance). We agree.

4

The district court properly found that Citi had standing, and was thus entitled to exercise the power of sale in Horowitz' security deed.  Therefore, Horowitz cannot state a claim for attempted wrongful foreclosure or fraud.

### III.

We have independently reviewed the record in this appeal, the briefs, and the arguments of counsel.  In a thorough, well-reasoned decision, we find that the district court properly granted Citi's motion to dismiss for failure to state a claim for relief.

Finding no error, we affirm the judgment of the district court.

AFFIRMED.

5

JORDAN, Circuit Judge, concurring:

I agree that the district court's dismissal of Mr. Horowitz's complaint should be affirmed. But my rationale differs somewhat from that of the majority.

Under the "incorporation by reference doctrine," as applied in the Eleventh Circuit, I do not believe that the district court could, at the motion to dismiss stage of the proceedings, properly consider the certificate of merger CitiMortgage attached to its motion. Only "in cases in which a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss" does the doctrine allow a court to consider matters or documents beyond the four corners of the complaint and its attachments. *See Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (citation omitted). CitiMortgage's certificate of merger is not central to *Mr. Horowitz's* claim. Simply stated, Mr. Horowitz would not have had "to offer a copy of the article in order to prove [his] case." *See id.* at 1285 (quoting *Fudge v. Penthouse Int'l, Ltd.*, 840 F.2d 1012, 1015 (1st Cir. 1988)). Indeed, Mr. Horowitz alleges that CitiMortgage had no right to foreclose.

I also do not think that the merger between CitiMortgage and ABN AMRO could be established by referring to the finding of another court in another case. We cannot take judicial notice of a fact found true in another action, without more.

6

"If it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous."  *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).  "A court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation."  *Id.*

Nevertheless, pursuant to Federal Rule of Evidence 201 the district court properly took judicial notice of CitiMortgage's regulatory filings with both the New York Department of State and the Securities and Exchange Commission, and those filings establish the fact of the merger.  Numerous district courts have taken judicial notice under similar circumstances.  *See, e.g., Kohan Prod. Ltd. v. Comerica Bank*, No. CV 10-0034 PSG (AJWx), 2010 WL 956402, at *1 n.1 (C.D. Cal. Mar. 11, 2010) ("The court takes judicial notice of the merger agreements under Federal Rule of Evidence 201(d) because they are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'"); *Chevron Corp. v. Salazar*, 807 F. Supp. 2d 189, 193 n.5 (S.D.N.Y. 2011) ("Both the Merger Agreement and the Certificate of Merger filed with the Delaware Secretary of State, of which the Court also takes judicial notice, so reflect.") (record citation omitted); *St. John v. Bosley Inc.*, No. 1:10-cv-954, 2011

7

WL 4007388, at *1 n.2 (N.D. Ohio Sept. 8, 2011) ("The court added Bosley as a defendant after taking judicial notice that in August, 2010 Bosley, Inc. and MHR filed a Certificate of Merger issued by the Secretary of the State of Delaware.").

After taking judicial notice of the certificate of merger filed with the New York Department of State, New York law does the rest.  In pertinent part, § 906 of New York's business corporation law provides that not more than thirty days after the filing of the certificate, a merger shall be effected and all rights and property of the consolidated corporation shall vest in the surviving corporation without further action.  *See* N.Y. Bus. Corp. Law § 906.  Thus, the surviving corporation, CitiMortgage, held both the note and security deed and had standing to foreclose on Mr. Horowitz's mortgage.

8